IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DENNIS CALVIN WARREN                                                                    PETITIONER
ADC #94167

V.                                          NO. 5:09cv00303 JLH-JWC

LARRY NORRIS, Director,                                                              RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk within fourteen (14) days after being served with the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the District Judge was not offered at a hearing before the Magistrate Judge.

3. An offer of proof stating the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **RECOMMENDED DISPOSITION**

Dennis Calvin Warren, an Arkansas Department of Correction inmate, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, along with a supporting brief (docs. 2, 3). Respondent concedes (doc. 10) that Petitioner is in his custody and has exhausted all nonfutile state remedies, *see* 28 U.S.C. § 2254(a-c), but asserts other reasons for dismissal. Petitioner has replied (doc. 13). Because none of Petitioner's claims entitles him to federal habeas relief, the petition should be dismissed in its entirety.

### I.
### Background

In November 2005, Petitioner was tried before a jury in the Circuit Court of White County, Arkansas, on a charge of delivery of a controlled substance (cocaine). The

undisputed record[1] shows that, before trial began, Petitioner's counsel stated to the court that she had been unable to contact the confidential informant, Cornelius Earl, at the telephone number that had been produced because the phone line was disconnected. Counsel said she wanted to ensure that she had been made aware of the correct informant, which was confirmed by the prosecutor. Counsel stated that neither the prosecution nor the defense had Earl under subpoena, but that Petitioner "would like very much to have him here." The trial judge said he did not know if there was anything else he could do on the matter.

Other pretrial matters were taken up, and then Petitioner's counsel formally moved for a continuance to have Petitioner's ex-wife, Sharon Thorpe, present for trial as "an essential witness." Counsel said she had tried, without success, to subpoena Thorpe. Counsel then stated that Thorpe's expected testimony would be that Petitioner was targeted by police because of Thorpe's friendships with police officers. The trial judge denied the request for a continuance, given that the case had been pending for months and this information was known for months.

The trial then proceeded, with the testimony showing the following:

An undercover narcotics investigator for the Searcy Police Department, Stan Young, testified that he and a confidential informant, Cornelius Earl, went to Petitioner's home on the night of April 28, 2005. Young was wearing a microphone to audiotape a drug transaction. Young testified that, once at Petitioner's house, he asked Petitioner if he could

---

[1] The recitation of the trial proceedings and evidence is drawn from the Arkansas Court of Appeals' opinion affirming Petitioner's conviction, *Warren I*, *infra*, and from Petitioner's summary of the relevant proceedings (doc. 3, at 5, 11-15, 17-18).

purchase crack cocaine, and Petitioner offered seven individually packaged rocks to him for a price of $100. Petitioner was observed removing a pill bottle from his jacket and taking out seven rocks, exchanging them for money. A crime laboratory chemist verified that the rocks were made from a base of cocaine. The audiotape of the transaction was entered into evidence.

Young was cross-examined about his work history, including his having left several jobs for being dishonest. Further testimony revealed that the confidential informant was Young's cousin, and that, although he rode with Young to Petitioner's house, the informant did not participate in the buy.

Petitioner was convicted of the charge and was sentenced, as a habitual offender, to 600 months of imprisonment. (Resp't Ex. 1 [doc. 10-2].) In a direct appeal to the Arkansas Court of Appeals, he raised two claims: (1) the trial court erred in failing to grant his request for a continuance when two vital witnesses were not available for trial (Thorpe and Earl); and (2) the evidence was insufficient to support his conviction. (Resp't Ex. 2 [doc. 10-3].) His conviction was affirmed in an unpublished opinion. *Warren v. State*, No. CACR 06-507, 2007 WL 104373 (Ark. Ct. App. Jan. 17, 2007) (Resp't Ex. 3 [doc. 10-4]) (*Warren I*).

Petitioner then filed a state petition for post-conviction relief pursuant to Ark. R. Crim. P. 37, alleging: (1) his attorney was ineffective for allowing the trial court to erroneously sentence him as a habitual offender under Arkansas law; (2) his attorney was ineffective for failing to properly support his motion for continuance based on a missing defense witness (Thorpe); and (3) fabricated evidence was admitted at trial in violation of the Arkansas rules of evidence. (Resp't Ex. 4 [doc. 10-5].) His Rule 37 petition was

denied. *State v. Warren*, No. CR-2005-365 (White Co. Cir. Ct. May 22, 2007) (Resp't Ex. 5 [doc. 10-6]). Petitioner appealed the denial, and the Arkansas Supreme Court affirmed in an unpublished opinion. *Warren v. State*, No. CR 07-834, 2008 WL 4672298 (Ark. Sup. Ct. Oct. 23, 2008) (Resp't Ex. 6, 7 [docs. 10-7, 10-8]) (*Warren II*).

There is no evidence or allegation that Petitioner sought any further post-conviction relief in state court.

Petitioner then filed this federal habeas petition and supporting brief, advancing the following claims:

> 1. His trial attorney was ineffective for failing to call witnesses who had knowledge of the crime or could provide an alibi;
>
> 2. His trial attorney was ineffective for failing to properly support a motion for continuance with an affidavit from an unavailable witness (Thorpe);
>
> 3. A fabricated audio recording was introduced at trial, it was not properly authenticated, and no chain of custody was proven; and
>
> 4. The Arkansas habitual offender statute was wrongly applied to his sentence.

## II.
### Ground 1

Petitioner's first claim is that his trial attorney was ineffective for failing to interview, call at trial, or attempt to subpoena witnesses who had knowledge of the crime or could provide an alibi. He says he was "framed" and counsel failed to procure witnesses to rebut Officer Young's testimony, specifically referring to Thorpe (Petitioner's ex-wife) and to Earl (the confidential informant).

According to Petitioner, Thorpe would have testified that she had conversations with several police officers and that Petitioner was targeted based upon his relationship with

her, rather than information regarding criminal wrongdoing. As stated, Petitioner's counsel moved for a continuance due to Thorpe's unavailability, which the trial court denied. As the reason for the delay in requesting a continuance, Petitioner's counsel explained that there were "communication problems" between counsel and Petitioner.

As to Earl, Petitioner asserts that the state withheld information about Earl's address or did not provide his counsel with sufficient information about his whereabouts so that defense counsel could subpoena him. He asserts that the audiotaped transaction was fabricated and that the voices on the tape are those of Young and Earl. He says that, if Earl had been called as a witness, Petitioner could have proven that Young and Earl planned the entire transaction and that Young was lying when he claimed to have purchased cocaine from Petitioner.

Petitioner also appears to contend that his trial counsel was operating under a conflict of interest due to a breakdown in communication, and that the trial judge should have inquired further once counsel identified the existence of "communication problems."

Respondent says all of these ineffective-assistance claims are procedurally defaulted because, although Petitioner filed a Rule 37 petition alleging ineffective assistance of trial counsel, he did not raise these particular claims. Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors made there. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see* 28 U.S.C. § 2254(b) & (c) (requiring federal habeas petitioner to pursue all remedies available in the state courts). To preserve claims for federal habeas review, a petitioner must raise "both the factual and

legal bases" for each of his claims in the state courts.  *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005).  A petitioner who presents to the state courts "a broad claim of ineffectiveness as well as some specific ineffectiveness claims [has not] properly presented all conceivable specific variations for purposes of federal habeas review." *Flieger v. Delo*, 16 F.3d 878, 885 (8th Cir. 1994).  If a specific factual ground for an ineffective-assistance claim is raised in state court and a related, but different, factual ground is asserted in federal court, the latter is procedurally defaulted.  *Osborne*, 411 F.3d at 919 n.7.

The record confirms that the only related ineffective-assistance claim raised in Petitioner's post-conviction petition was that his "attorney failed to support her request for continuance with a proper affidavit to show good cause for said continuance" due to Thorpe's absence (doc. 10-5, at 3, 4, 8; doc. 10-7, at 5-7).  This does not encompass the current ineffective-assistance claims raised by Petitioner in Ground 1 that counsel failed to call Thorpe or Earl as witnesses and was laboring under a conflict of interest.  Therefore, Respondent is correct that the claims are procedurally defaulted.

Where a procedural default has occurred, federal habeas review is permitted only if the petitioner can demonstrate (1) cause for the default <u>and</u> actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider the claims will result in a fundamental miscarriage of justice, that is, that a constitutional violation has resulted in the conviction and continued incarceration of one who is actually innocent.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  If no cause has been shown, the prejudice element need not be addressed.  *McCleskey v. Zant*, 499 U.S. 467, 502 (1991).  Cause requires a showing of some impediment, external to the petitioner's defense and not fairly attributable to him, preventing him from constructing or

raising his claims in state court or complying with the state's procedural rules. *Coleman*, 501 U.S. at 753.

As cause for his default, Petitioner complains about the performance of his trial counsel and her failure to communicate with him during trial and appeal. He also asserts that he could not raise a claim he did not know existed, that he did not have enough time in the prison law library to study the law, and that it "might take an inmate 20 years to discover an important allegation due to case law being ran off on a computer when you order cases and have to wait to pick up on your next day." He also suggests that his default should be overlooked due to his actual innocence. (*See* doc. 13, at 6-10.)

The performance of Petitioner's trial and appellate counsel does not explain his failure to raise these particular claims in his state post-conviction proceeding, where he was acting pro se. In addition, because there is no Sixth Amendment right to post-conviction counsel, the fact that Petitioner was proceeding without counsel during the period for seeking post-conviction relief cannot create cause to avoid a procedural bar. *Burns v. Gammon*, 173 F.3d 1089, 1093 (8th Cir. 1999). The state has no responsibility to ensure that a criminal defendant is represented by counsel in state post-conviction proceedings; therefore, it is the defendant who must bear the consequences of a failure to follow state procedural rules for presenting post-conviction claims during that period. *Coleman*, 501 U.S. at 754. Furthermore, pro se status and unfamiliarity with legal arguments and procedural matters are not sufficiently external to constitute cause excusing a procedural default. *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988).

Petitioner's allegedly limited library access is also insufficient to constitute cause. A criminal defendant's "fundamental constitutional right of access to the courts requires

prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). Conceivably, prison library inadequacies may be so extreme as to amount to the denial of access to the courts, which may be imputed to the state and constitute cause to excuse a procedural default. *Lamp v. Iowa*, 122 F.3d 1100, 1105 (8th Cir. 1997). However, where the state provides a prisoner with the capability of bringing his post-conviction challenges and he has "meaningful access" to legal resources or assistance, no cause has been established. *Id.*

Here, Petitioner does not contend that he was prevented from accessing or using the prison library's resources, only that he had a limited amount of time. He was able to timely file a pro se Rule 37 post-conviction petition, on the correct form and with legal citations included, and he litigated a pro se appeal of the denial. In his state post-conviction proceedings, he presented several factual allegations to support his claim that counsel was ineffective. Under these circumstances, he has not demonstrated that his limited library access prevented him from recognizing and presenting the other factual allegations at issue. *See Entzi v. Redmann*, 485 F.3d 998, 1005 (8th Cir. 2007) (no freestanding constitutional right to a particular number of hours in the prison law library), *cert. denied*, 128 S. Ct. 1714 (2008); *Baker v. Norris*, 321 F.3d 769, 771-72 (8th Cir. 2003) (limited access to law library with advance sign-up did not prevent prisoner from filing timely federal habeas petition); *Williams v. Norris*, 80 Fed. Appx. 535, 536 (8th Cir. 2003) (lack of access to law library and inability to consult with legally trained persons does not constitute cause to excuse untimely state post-conviction filing; state provided applicable forms which set out the time limits and usual bases for post-conviction challenges).

Finally, Petitioner's assertion of actual innocence is inadequate to overcome his default. To pass through the actual innocence "gateway" and gain federal habeas review of otherwise procedurally defaulted claims, a petitioner's case must be "truly extraordinary." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). To fit within this demanding exception, a habeas petitioner must (1) support his allegations of constitutional error with new reliable evidence not presented at trial and (2) show that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt – or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006); *Schlup,* 513 U.S. at 324, 329.

The only arguably "new" evidence mentioned in Petitioner's pleadings is the anticipated testimony of Thorpe and Earl. Petitioner presents no affidavit or any reliable evidence to support his belief as to the content of their testimony. Furthermore, as explained in discussing Ground 2 below, Thorpe's expected testimony would be cumulative, as a police officer testified that he began investigating Petitioner's activities due to the officer's personal relationship with Thorpe. It is pure speculation that Earl would testify that he and Officer Young fabricated the audiotape and that it is Earl's voice on the tape instead of Petitioner's. Neither potential witness's testimony is sufficient to "affirmatively demonstrate that [Petitioner] is innocent of the crime for which he was convicted," as required for this exception to be applicable. *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006). Instead, the anticipated testimony would present additional matters for the jury to consider in assessing the credibility of the state's other evidence of guilt. Young testified that he purchased cocaine from Petitioner, the tape was introduced into evidence, and Petitioner's counsel attacked Young's credibility through cross-examination,

the testimony of other witnesses, and argument. *See Warren I, supra* at *1-*2. Where new evidence would simply set up a "swearing match" among witnesses, it does not establish that no reasonable juror would have credited the testimony of the state's witnesses and found the petitioner guilty beyond a reasonable doubt. *Moore-El v. Luebbers*, 446 F.3d 890, 903 (8th Cir. 2006); *see also Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir. 2005) (no actual-innocence claim where recantation would serve only to potentially impeach credibility of other witnesses, but could not prove petitioner did not shoot the victim); *Morris v. Dormire*, 217 F.3d 556, 559-60 (8th Cir. 2000) (evidence did not show actual innocence where only tended to impeach and was cumulative). The actual-innocence exception is inapplicable.

Having failed to satisfy the cause-prejudice or actual innocence requirements, Petitioner's claims presented in Ground 1 are procedurally barred.

### III.
### Ground 2

Next, Petitioner asserts that his trial attorney was ineffective for failing to properly support a motion for continuance with an affidavit from an unavailable witness (Thorpe). Petitioner presented this claim in his Rule 37 post-conviction proceedings, where it was rejected by the trial court and the appellate court.

In the interests of finality and federalism, a federal habeas court is constrained by statute to exercise only a "limited and deferential review of underlying state court decisions." *Greer v. Minnesota*, 493 F.3d 952, 956 (8th Cir. 2007). Where a state court has previously adjudicated a claim on the merits, a federal habeas court may grant habeas

relief for the same claim in only three limited situations: where the state court adjudication (1) was "contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); **or** (2) "involved an unreasonable application" of clearly established federal law, *id.*; **or** (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2). *See Williams v. Taylor*, 529 U.S. 362, 405-06, 411, 413 (2000).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court clearly articulated the standard for analyzing claims that a criminal defendant's counsel was constitutionally ineffective. Under *Strickland*, the defendant must show both that his attorney's conduct fell below an objective standard of reasonableness and that this prejudiced his defense. *Id.* at 687-88. The prejudice element need not be considered if the performance element has not been satisfied, and vice versa. *Id.* at 697. The defendant is prejudiced by inferior performance if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. In determining the existence of prejudice, the Court must consider the totality of the evidence before the judge or jury. *Id.* at 695; *see Armstrong v. Kemna*, 590 F.3d 592, 596 (8th Cir. 2010), *petition for cert. filed*, No. 09-10279 (U.S. Apr. 13, 2010).

In addressing this claim in Petitioner's post-conviction appeal, the Arkansas Supreme Court cited *Strickland* and properly set out its two-part test. *Warren II*, *supra* at *1. Moreover, the state court applied that standard in analyzing this particular claim, finding that Petitioner failed to demonstrate prejudice, as follows:

>	The record in the direct appeal shows that on the morning of the jury trial, counsel informed the trial court that she had been unable to serve a subpoena on Sharon Thorpe, appellant's ex-wife, who was also referred to as Sharon Tharpe in the record. Counsel then moved for a continuance.
>
>	In her argument in support of a continuance, counsel stated that it was appellant's belief that Ms. Thorpe was an "essential witness" for the defense. Ms. Thorpe's testimony, as presented by trial counsel, would have been that Ms. Thorpe was friends with several police officers, including Lieutenant Ricky Shourd with the Searcy Police Department. Due to these friendships, Ms. Thorpe would have testified that appellant was being negatively targeted by the Searcy police after Ms. Thorpe's marriage to appellant had been annulled. The trial court denied the motion for continuance.
>
>	On direct appeal, the court of appeals did not reach the issue of whether the trial court abused its discretion by denying the motion for continuance. The appellate court held that counsel failed to present an affidavit to justify a continuance based upon a missing witness as required by Arkansas Code Annotated § 16-63-402 (1987). Relying upon the language in the court of appeals' ruling, appellant contends that counsel was ineffective.
>
>	Contrary to appellant's position, failure of counsel to submit a proper affidavit in support of a continuance is not in itself evidence that counsel was ineffective. To support his allegation of ineffectiveness, appellant must demonstrate that he was prejudiced by trial counsel's actions.
>
>	Here, the record in the direct appeal reveals that trial counsel called Lt. Shourd as a witness for the defense. He testified that solely because of his personal relationship with Ms. Thorpe, he began an unofficial investigation into appellant's activities that eventually led to appellant's arrest. Even if Ms. Thorpe had been called as a witness, appellant did not demonstrate that her testimony would have been more than merely cumulative to Lt. Shourd's testimony. Appellant did not meet his burden of establishing that he suffered actual prejudice as a result of counsel's failure to obtain a continuance.

*Warren II*, *supra* at *2 (footnotes and citations omitted).

The state court's decision to deny this ineffective assistance of counsel claim did not violate clearly established federal law. The state court applied the governing legal standard articulated in *Strickland* and, in light of the police officer's testimony that Petitioner

was initially investigated due to the officer's relationship with Thorpe, it was not unreasonable for the state court to conclude that Petitioner was not prejudiced by counsel's failure to obtain a continuance to procure Thorpe's similar testimony. *See Winfield v. Roper*, 460 F.3d 1026, 1033-34 (8th Cir. 2006) (counsel not ineffective for failing to call witnesses whose testimony would have been cumulative to that which was introduced at trial).

The state courts' decision on this issue was not contrary to or an unreasonable application of federal law, nor was it based on an unreasonable factual determination in light of the state court record. Ground 2 should be dismissed.

## IV.
### Ground 3

Next, Petitioner asserts that a fabricated audio recording was introduced at trial and that it was not properly authenticated or supported by a proven chain of custody. Petitioner raised this claim in his Rule 37 post-conviction proceedings, where it was rejected by the Arkansas Supreme Court as follows:

> In the third point on appeal, appellant contends that the trial court erred in finding that an audio recording introduced by the State was not fabricated and faults the court of allowing the recording into evidence. This argument constitutes a direct attack on the judgment, and such claims are not cognizable in a Rule 37.1 proceeding. *Camargo v. State*, 55 S.W.3d 255 ([Ark.] 2001). Rule 37.1 is a means to collaterally attack a conviction and does not provide a method for the review of mere error in the conduct of the trial or to serve as a substitute for appeal. *Id.* Specifically, arguments regarding evidentiary issues are not the proper basis for a Rule 37.1 petition. *Johnson v. State*, 900 S.W.2d 940 ([Ark.] 1995). Therefore, appellant fails to state a claim that is cognizable in a Rule 37.1 petition. The trial court did not err in denying appellant's petition on this point.

*Warren II*, *supra* at *3 (parallel citations omitted).

The Arkansas Supreme Court, therefore, declined to reach the merits of this claim in Petitioner's post-conviction proceeding because it found the claim procedurally barred under Arkansas law. The law is well-settled in Arkansas that arguments regarding evidentiary issues should be raised in a direct appeal and are not the proper basis for a Rule 37 petition seeking post-conviction relief. *See Johnson*, 900 S.W.2d at 949. *Arnold v. State*, No. CR 03-675, 2004 WL 2066874, at *4, *6 (Ark. Sup. Ct. Sept. 16, 2004) (Rule 37 court would not consider claims that state concealed and/or altered audio tapes, as it should have been raised below and on direct appeal).

Federal habeas courts generally will not review a claim that a state court has refused to consider due to the petitioner's failure to follow firmly established and regularly followed state procedural rules for presenting it. *Hunt v. Houston*, 563 F.3d 695, 703 (8th Cir. 2009), *cert. denied*, 130 S. Ct. 1055 (2010); *see House*, 547 U.S. at 522 ("Out of respect for the finality of state-court judgments, federal habeas courts, as a general rule, are closed to claims that state courts would consider defaulted."); *Cagle v. Norris*, 474 F.3d 1090, 1098-99 (8th Cir. 2007) (where Arkansas Supreme Court declined to reach merits of a state post-conviction claim that should have been presented on direct appeal, claim was procedurally barred from federal habeas review under independent and adequate state law grounds). Federal courts will not second-guess the state's highest courts on a question of state procedural law. *Hunt*, 563 F.3d at 703. Therefore, the inquiry is not whether the state court correctly applied its own procedural rules regarding defaulted claims, but whether a habeas petitioner has met the standard for disregarding a state procedural default, *i.e.* cause and prejudice, or actual innocence. *Id.*

Here, Petitioner defaulted his claim regarding admission of the audiotape by failing to raise it in his direct appeal, a well-established rule in the state courts. Neither his pro se status nor limited library access excuses his default. While constitutionally deficient performance of trial or appellate counsel may amount to cause to forgive a procedural default, a habeas petitioner cannot rely upon such counsel's conduct as cause where he has not initially presented that ineffectiveness claim to the state courts as an independent claim. *Taylor v. Bowersox*, 329 F.3d 963, 971 (8th Cir. 2003); *see Edwards v. Carpenter*, 529 U.S. 446, 453 (2000) (ineffective assistance of counsel asserted as cause for procedural default of another federal claim can itself be procedurally defaulted). Here, Petitioner argued in his Rule 37 petition and Rule 37 appeal that the audiotape was fabricated and should have been excluded, but he never argued that counsel was ineffective for failing to argue against admission at trial and on direct appeal. (*See* Resp't Ex. 4, at 4, 9; Resp't Ex. 6, at 6-7.) His failure to raise this as an ineffective-assistance claim at the appropriate time prevents him from now using it as cause to excuse his default. Therefore, Petitioner has not met the cause-prejudice requirement, or demonstrated actual innocence, and this Court cannot review the merits of Ground 3.

V.
Ground 4

Petitioner's last claim is that the Arkansas habitual offender statute, Ark. Code Ann. § 5-4-501(a), was wrongly applied to his sentence. Respondent first contends that this claim is procedurally defaulted because Petitioner never presented a direct challenge to the habitual offender statute in state court, arguing instead that his trial lawyer was

ineffective for failing to object to his sentencing as a habitual offender.  Respondent also asserts that the claim presents a matter of state law which is not reviewable by a federal habeas court.  Finally, if the claim is construed as re-alleging the ineffective-assistance claim adjudicated in state court, Respondent asserts that the Arkansas Supreme Court correctly and reasonably applied *Strickland* in rejecting Petitioner's arguments.

The Arkansas Supreme Court resolved Petitioner's ineffective-assistance claim by finding that the habitual offender challenge was without merit, as follows:

> The first contention advanced by appellant is that the June 30, 1993, date contained in [Ark. Code Ann. § 5-4-501(a)(1)(A)] applies to the prior felonies used as the basis for sentence enhancement. Under his theory, the dates of the prior convictions here allow only one prior felony to be used for enhancement purposes, thereby precluding application of this statute to his conviction.  However, we have previously held that the date of the commission of an offense being used to enhance a sentence under section 5-4-501 is not relevant. *Parker v. State*, 144 S.W.3d 270 ([Ark.] 2004) (citing *Jones v. State*, 65 S.W.3d 402 ([Ark.] 2002)).  As the 1993 date does not apply to the felonies used for enhancement, but to the felony that is to receive an enhanced sentence, appellant mischaracterizes the language of the statute in this regard.
>
> In addition, appellant claims that section 5-4-501(a)(1)(A) applies only to violent offenses and not to his drug-related offense, but the plain language of the statute does not contain such a provision.  The statute instead applies to felonies *other* than the violent felonies enumerated in subsections (c) and (d).  Ark. Code Ann. § 5-4-501(a)(1)(A)(i).
>
> The burden is on appellant to provide facts to support his claims of prejudice, and allegations without factual substantiation are insufficient to overcome the presumption that counsel is effective. *Nelson* [*v. State*, 39 S.W.3d 791 (Ark. 2001)]. Appellant's wrongful description of the habitual offender statute language cannot support his claim of ineffective assistance of counsel under *Strickland*, as counsel was not deficient for failing to make an argument at trial that had no merit.  *Noel* [*v. State*, 26 S.W.3d 123 (Ark. 2000)].  Appellant thus fails to demonstrate that the trial court erred on this point.

*Warren II*, *supra* at *1-*2 (parallel citations omitted).

"The Arkansas Supreme Court is the final authority on the interpretation of Arkansas law. As the supreme judicial authority of the state, it decides what state law is, an issue which cannot itself be reviewed in a federal habeas proceeding." *Ford v. Norris*, 364 F.3d 916, 1919 (8th Cir. 2004). It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *see Missouri v. Hunter*, 459 U.S. 359, 368 (1983) (federal court is bound to accept a state supreme court's construction of that state's statutes).

In Petitioner's Rule 37 appeal, the Arkansas Supreme Court examined the state habitual offender statute at issue and clearly held that Petitioner's arguments regarding its interpretation and application to his case were without merit. This Court is bound by the Arkansas Supreme Court's construction of the state statute. In light of that construction, the state courts did not unreasonably apply *Strickland* in determining that trial counsel was not unconstitutionally ineffective in failing to make an argument that had no merit. *See Knowles v. Mirzayance*, 129 S. Ct. 1411, 1420 (2009) (counsel not required "to pursue every claim or defense, regardless of its merit, viability, or realistic chance for success"); *Johnson v. Norris*, 537 F.3d 840, 849 (8th Cir. 2008) (no prejudice from counsel's failure to make a constitutional argument that would have been unsuccessful), *cert. denied*, 129 S. Ct. 1334 (2009).

The state courts' decision on this issue was not contrary to or an unreasonable application of federal law, nor was it based on an unreasonable factual determination in light of the state court record. Ground 4 should be dismissed.

VI.
Conclusion

Petitioner's claims do not entitle him to federal habeas relief. Therefore, this 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 2) should be **dismissed in its entirety, with prejudice**.

DATED this 30th day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE